CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 17 2019

JULIA C. DUDLEY, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RUDOLPH DAVID TAYLOR, | ) | |
|     Petitioner, | ) | Civil Case No. 7:18cv00513 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

Rudolph David Taylor, a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 Tazewell County criminal conviction. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court concludes that respondent's motion must be granted.

**I.**

On August 14, 2015, after Taylor entered an Alford[1] plea, the Circuit Court of Tazewell County entered final judgment, convicting him of one count of transporting a Schedule I or II drug and two counts of possessing with intent to distribute a Schedule I or II drug. The court sentenced Taylor to a total of seventy-five years in prison, with all but thirteen years suspended. In entering the Alford plea, Taylor reserved the right, under Virginia Code § 19.2-254, to challenge on appeal the trial court's denial of his suppression motion.[2] Taylor appealed his convictions to the Court of Appeals of Virginia, assigning the following errors:

    I.    There was insufficient nexus between the intended destination of the parcel and the address to which it was delivered by law enforcement.

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970) (authorizing a defendant to waive trial and to consent to punishment without admitting participation in the acts constituting the crime).

[2] Virginia Code § 19.2-254 states, in pertinent part:

With the approval of the court and the consent of the Commonwealth, a defendant may enter a conditional plea of guilty in a misdemeanor or felony case in circuit court, reserving the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

II. The information contained in the affidavit to secure the search warrant was too stale to be considered reliable by a magistrate.

III. The conditional anticipatory search warrant failed to state a triggering event which would satisfy the requirement that there would be a fair probability that contraband would be found *inside* of Taylor's residence at the time the search warrant was served and the premises searched.

IV. The conclusions propounded by law enforcement to obtain the search warrant were not based upon the personal knowledge as presented in the affidavit, but upon statements taken from an informant some sixty (60) days prior, whose credibility and reliability were untested and not supported as required within the affidavit.

The Court of Appeals of Virginia summarized the relevant facts and proceedings in the trial court as follows:

> On October 22, 2013, a Customs and Border Patrol agent intercepted a package containing 116 grams of methylone, a substance commonly referred to as "bath salts," at a FedEx facility in Alaska. The package was sent from Shijazhaung, China, and addressed to "Dave Taylor" at "106 Dial Rock Road" in Tazewell, Virginia. The Customs and Border Patrol agent delivered the package to the Department of Homeland Security ("DHS"), and a DHS agent agreed to attempt a controlled delivery of the package in Virginia.
>
> The DHS agent travelled to Tazewell and obtained a warrant to search the residence located at 106 Dial Rock Road. This warrant was anticipatory in nature, and only allowed the agent to search the premises if an individual accepted the package "into the residence." On October 28, 2013, the agent attempted to deliver the package while disguised as a FedEx employee. A resident living at 106 Dial Rock Road informed him that Taylor did not live at that address and refused to accept the package. Thus, the triggering condition of the anticipatory warrant did not occur and the agent and other assisting police officers from the Town of Tazewell did not search the residence.
>
> The DHS agent contacted the Tazewell County Sheriff's Office ("Sheriff's Office") the next day to inform them about the failed delivery. When the agent inquired about a possible investigation of Taylor's involvement in the distribution of narcotics, officers informed him that they had been investigating Taylor for eight months. In February of 2013, the Sheriff's Office had received information that Taylor was buying bath salts online from a source located in a foreign country, importing them into the United States through the postal system, and selling them. Following this initial report, Taylor's former girlfriend, Elizabeth

Elswick, was arrested for possessing bath salts. She claimed that she had received the drugs from Taylor and that he ordered them through the mail.

Elswick also provided the police with a packaging slip, or "waybill," concerning one of Taylor's bath salt transactions. The waybill referred to a package addressed to "Rudolph Taylor" at "6555 Pounding Mill Branch Road, Pounding Mill, Virginia," that had been mailed on August 12, 2013. Like the package intercepted by DHS, the package described in the waybill had been sent from Shijazhuang, China. Records from the Department of Motor Vehicles ("DMV") confirmed that Taylor listed "6555 Pounding Mill Branch Road" as his address.

Utilizing the supplemental information from the prior investigation of Taylor, Detective Bill Perry of the Sheriff's Office requested a warrant to search the residence located at 6555 Pounding Mill Branch Road. In his affidavit supporting his request for this warrant, Perry stated:

> On October 29, 2013 an agent of the Tazewell County Narcotics Task Force contacted . . . an agent of the Department of Homeland Security. This agent advised that he contacted Tazewell Police Department with a package that contained 116 grams of Methylone "bath salts" [which] was intercepted in Anchorage[,] Alaska[,] addressed to Dave Taylor at 106 Dial Rock Rd.[,] North Tazewell[,] VA. On 10/28/13 they attempted a controlled delivery of the package but the package was refused at this residence. An on-going investigation over the past eight months has revealed by this Detective that Dave Taylor has received on August 12, 2013 a package from the same address from Hersei[,] China. Mr. Taylor lives [at] 6555 Pounding Mill Branch Rd.[,] Pounding Mill[,] Va. On October 30, 2013, this Task Force will be attempting a controlled delivery of the package to Taylor's address on Pounding Mill [Branch] Rd.

In another section of the affidavit, Perry stated:

> Customs has intercepted a package in Anchorage[,] Alaska[,] that contains approximately 116 grams of Methylone addressed to Dave Taylor at 106 Dial Rock Rd[,] North Tazewell[,] Va. Mr. Taylor has received a package from the same address in China to his residence at 6555 Pounding Mill Br. Rd.[,] Pounding Mill[,] Va. Substance was tested by Homeland Security and determined to be Methylone "bath salts." Information received by this detective has revealed that this substance is being ordered and received by U.S. mail, FedEx, and UPS from China.

While Perry checked a box on the affidavit form indicating that he had personal knowledge of the facts set forth in the affidavit, he provided "a synopsis of the

3

investigation" of Taylor while testifying under oath before the magistrate who reviewed the warrant application.

Based on Perry's affidavit and testimony, the reviewing magistrate issued a warrant allowing the police to search Taylor's residence at 6555 Pounding Mill Branch Road for evidence of drug distribution. This warrant was similar to the prior warrant authorizing a search of the residence located at 106 Dial Rock Road. Although the warrant did not require the intercepted package to be taken into the residence, it was conditioned on Taylor's acceptance of the package.

On October 30, 2013, the Tazewell County Narcotics Task Force executed the search warrant at 6555 Pounding Mill Branch Road. Disguised as a UPS employee, Detective Greg Layne delivered the package addressed to 106 Dial Rock Road to Taylor as he was leaving his residence in Pounding Mill. While Layne did not point out the address discrepancy to Taylor, he told him that "he was a hard man to get up with." Taylor accepted the package in his driveway approximately six feet away from the front door of the residence, placed it in the waistband of his pants, and turned to go back into the house. As Taylor was walking toward the house, Layne signaled for other officers hiding in a nearby delivery van to arrest him before he entered the residence with the package.

When the officers executed the warrant, they seized the package containing the bath salts, documents referencing drug transactions, and other items potentially linked to the distribution of controlled substances. Notably, two documents found on the coffee table of Taylor's living room contained the tracking number for the package the police had just delivered. The officers also seized "various items of narcotics paraphernalia" from the house, including a set of digital scales, two used syringes, and two metal spoons and a glass smoking pipe containing the residue of an unknown substance.

After Taylor was charged with numerous drug offenses, he filed a motion to suppress the evidence the police obtained following the controlled delivery of the intercepted package. The circuit court denied Taylor's suppression motion in a detailed opinion letter. The circuit court concluded that the totality of the circumstances of this particular case established a nexus between the intercepted package and Taylor's residence in Pounding Mill, explaining that the evidence implied that Taylor would have eventually received the package at his home despite its intended delivery to Dial Rock Road. The circuit court explained that the evidence gathered by Perry in his investigation of Taylor established probable cause to believe that Taylor was engaged in ongoing criminal activity and that contraband and evidence of drug distribution would be found inside of his residence at 6555 Pounding Mill Branch Road when the police executed the warrant.

4

Taylor v. Commonwealth, 790 S.E.2d 252, 255-57 (Va. Sept. 13, 2016). The Court of Appeals of Virginia affirmed Taylor's convictions and the Supreme Court of Virginia denied Taylor's subsequent petitions for appeal rehearing. Taylor filed a petition for writ of certiorari to the Supreme Court of the United States, which the court denied on November 27, 2017.

On October 19, 2018, Taylor, filed his current federal habeas petition, raising the following ground for relief:

> Your petitioner's rights pursuant to Article IV [sic] and Article XIV [sic] of the Constitution of the United States were violated by the Tazewell County Narcotics Task Force ("Task Force") when it took possession of a package placed in the normal course of delivery by a third-party and addressed to Dave Taylor at an address in North Tazewell, Virginia. The Task Force then intentionally diverted the package from its intended destination in North Tazewell, Virginia. Your Petitioner was targeted by the Task Force and the package containing narcotics was delivered by law enforcement to Petitioner, Rudolph David Taylor, at a home in Pounding Mill, Virginia by making a controlled narcotics delivery to that home with no evidence or knowledge of any connection between Petitioner and the North Tazewell address.
>
> The Task Force then executed a Search Warrant of Petitioner's home, said Search Warrant having been issued without sufficient probable cause as it was based upon a facially incorrect and misleading affidavit sworn to by law enforcement. Petitioner's Motion to Suppress the evidence and apply the Exclusionary Rule was denied by the trial court.

## II.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."[3] Stone v. Powell, 428 U.S. 465, 482 (1976). Further, federal district

---

[3] "Because the Fourth Amendment provides an explicit textual source of constitutional protection against... physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide." Graham v. Connor, 490 U.S. 386, 395 (1989). "[R]eliance on the Fourteenth Amendment as an alternative basis for his Fourth Amendment claim[s] does not permit [a petitioner] to avoid the Stone v. Powell rule." Mubita v. Wengler, No. 1:08-CV-0310-BLW, 2013 U.S. Dist. LEXIS 142908, at *7, 2013 WL 5486878, at *3 (D. Idaho Sept. 28, 2013).

5

courts may not consider "a claim that evidence admitted at trial was the fruit of an illegal [search or seizure] . . . on a habeas corpus petition so long as the state courts had afforded a full and fair opportunity to litigate that claim." Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42 (3rd Cir. 1984); see also Cardwell v. Taylor, 461 U.S. 571, 572 (1983); Foltz v. Clarke, No. 3:13CV627, 2014 U.S. Dist. LEXIS 117515, at *9-10, 2014 WL 4202482 (E.D. Va., Aug. 22, 2014).

When faced with allegations presenting Fourth Amendment claims, a federal district court should "first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then existing state practice." Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir.1978) (capitalization corrected). The district court, however, "need not inquire further into the merits" of the case unless the petitioner "alleges something to indicate that his opportunity for full and fair litigation of [his claim] was in some way impaired." Id. Taylor has not argued, nor does the record support, the existence of any constraint on Taylor's ability to litigate his Fourth Amendment claim in the state court. Rather, Taylor fully argued his Fourth Amendment claim not only in the trial court, but also on direct appeal to the Court of Appeals of Virginia.

In considering his appeal, the Court of Appeals[4] concluded that probable cause existed to support the search warrant and that there was a sufficient nexus between Taylor and the Pounding Mill address:

> While the contraband in the present case may or may not have been on a "sure course" to Taylor's residence in Pounding Mill, the totality of the circumstances

---

[4] Because the Court of Appeals decision affirming Taylor's convictions is the last reasoned state court opinion, this court "looks through" the Supreme Court of Virginia's refusal order to the reasoning of the Court of Appeals. See Wilson v. Sellers, 138 S. Ct. 1188, 1193 (2018); see also Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (federal habeas courts should presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

> established a nexus between the contraband contained in the intercepted package and Taylor's home. The package itself was addressed to "Dave Taylor," and DMV records established that "Rudolph David Taylor" lived at 6555 Pounding Mill Branch Road in Pounding Mill, Virginia. Therefore, the intended recipient listed on the intercepted package directly linked it to the residence in Pounding Mill.
>
> More importantly, the waybill that Elswick provided to the police showed that Taylor had received a similar package at his residence in Pounding Mill approximately two months earlier. Like the intercepted package, the package referenced in the waybill was sent to Tazewell County from Shijazhuang, China. That package was delivered to 6555 Pounding Mill Branch Road, and accepted by an individual who signed as "R. Taylor."
>
> Taylor was also linked to the contents of the intercepted package. The intercepted package contained bath salts, and police from the Sheriff's Office had been investigating Taylor for his involvement in the distribution of bath salts in the area for eight months. When Elswick was arrested for possessing bath salts, she told the police that she had received them from Taylor. She also told the police that Taylor ordered the bath salts online and received them in the mail. The waybill provided by Elswick suggested that Taylor received bath salts from a supplier in a foreign country.
>
> These circumstances provided sufficient probable cause to support the issuance of an anticipatory search warrant. The intercepted package was linked to Taylor's residence in Pounding Mill by both its contents and Taylor's past actions. The nexus established between the package and Taylor's residence satisfied both conditions required by [United States v. Grubbs, 547 U.S. 90 (2006)]. Based on Taylor's alleged involvement in the distribution of bath salts and his prior receipt of a similar package at his residence, the magistrate issuing the anticipatory warrant could reasonably conclude that Taylor would accept the intercepted package when it was delivered by the police and that contraband would be found inside of his home when the search warrant was executed.

Taylor, 790 S.E.2d at 260-61.

The Court of Appeals of Virginia fully addressed each of Taylor's Fourth Amendment arguments and issued a reasoned decision on the merits, denying them. Id. at 258-64. Thus, Virginia courts provided Taylor a full and fair opportunity to litigate his Fourth Amendment claim, so he may not relitigate it here. See Doleman, 579 F.2d at 1265 (affirming that Stone barred petitioner's claim where he "had an opportunity to present his Fourth Amendment claims

7

by a motion to suppress both at the trial court level and thereafter to assign as an error, an adverse ruling thereon, on appeal"); Kinnard v. Kelly, No. 1:09cv1116, 2010 U.S. Dist. LEXIS 41123, at *10, 2010 WL 1704781, at *3 (E.D. Va. Apr. 26, 2010) (finding that the state had provided a full and fair opportunity to litigate where petitioner "unsuccessfully challenged the denial of his motion to suppress on direct appeal"). As the Fourth Circuit Court of Appeals noted in Grimsley v. Dodson, 696 F.2d 303, 305 (4th Cir. 1982), "Stone . . . marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court." As such, Stone precludes Taylor from obtaining federal habeas relief on his claim.[5]

## IV.

Based on the foregoing, the court concludes that Taylor has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States, see § 2254(a), and, therefore, the court will grant respondent's motion to dismiss.

ENTER: This 17th day of September, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[5] This case is not subject to the limitation placed on Stone by the holding in Kimmelman v. Morrison, 477 U.S. 365, 380 (1986), for "Sixth Amendment claims based upon ineffective assistance of counsel based principally on defense counsel's incompetent handling of Fourth Amendment issues." There is no Sixth Amendment claim in this case.

8